United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-41603

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAMES RAY CARLISLE,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(3:05-CR-4-ALL)**

Before BARKSDALE, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is whether the district court erred in rejecting James Ray Carlisle's start-of-trial plea-agreement acceptance. Also at issue is whether, in the light of that attempted plea-agreement, the court erred in refusing to grant Carlisle an acceptance-of-responsibility offense-level reduction, pursuant to Guidelines § 3E1.1. **AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carlisle was charged with possession with intent to distribute phencyclidine; possession of marijuana; and possession of a firearm, both in furtherance of a drug-trafficking offense and by a convicted felon. On the morning of trial, and after having previously entered a not-guilty plea, Carlisle reached a plea agreement with the Government in which he would plead guilty to one drug charge and one firearm-possession charge, in exchange for dismissal of the remaining two charges. The parties advised the district court of the agreement through the courtroom deputy.

The court rejected the agreement; no record was made at trial of its rationale for doing so. Moreover, at trial, Carlisle made no record objection to the rejection. Upon being advised the plea-agreement had been rejected, Carlisle proceeded to trial, rather than enter a guilty plea. The jury found him guilty on all four counts.

At sentencing, in considering whether to allow Carlisle a two-level acceptance-of-responsibility reduction, based on the rejected plea agreement, the district court noted the agreement's untimeliness and refused the reduction. Carlisle was sentenced to 60-months imprisonment on each of the phencyclidine and possession-of-a-firearm-by-a-convicted-felon counts, and 12 months on the marijuana count, the three sentences to run concurrently. He was sentenced to 60-months imprisonment on the possession-of-a-firearm-

in-furtherance-of-a-drug-trafficking-offense count, to run consecutively to the concurrent sentences.

## II.

### A.

Because Carlisle did *not* object at trial to the court's rejection of the plea agreement, our review of that ruling is only for plain error. *See* **United States v. Foy**, 28 F.3d 464, 471-72 (5th Cir.), *cert. denied*, 513 U.S. 1031 (1994). Under such review, we have discretion to correct a clear or obvious error that affected substantial rights. *E.g.,* **United States v. Alvarado-Santilano**, 434 F.3d 794, 795 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1812-13 (2006). Generally, such error will be corrected only when it "has a serious effect on the fairness, integrity, or public reputation of judicial proceedings". **Id**. (citation omitted).

Our court does *not* require a district court to state its reasons for rejecting a plea agreement. **Foy**, 28 F.3d at 472. Accordingly, the plea-agreement rejection does *not* constitute error, much less reversible plain error.

### B.

Concomitantly, because Carlisle proceeded to trial, there was no reversible error in his being denied an acceptance-of-responsibility reduction. *See* U.S.S.G. § 3E1.1 cmt. n.2 ("This adjustment is not intended to apply to a defendant who puts the

3

government to its burden of proof at trial by denying the essential factual elements of guilt ....").

### III.

For the foregoing reasons, the judgment is

**_AFFIRMED._**